EUGENE J. MAURER, JR., P.A.
ATTORNEYS AT LAW
1201-A KING STREET
WILMINGTON, DELAWARE 19801

(302) 652-7900
FAX (302) 652-2173
EMAIL emaurer1@verizon.net

August 29, 2008

The Honorable Gregory M. Sleet
Chief United States District Judge
844 North King Street
Lock Box 19
Wilmington, DE 19801

      **Re: United States v. Wendell Glover, Docket No. 1:08CR00033-001 (GMS)**

Dear Chief Judge Sleet:

    The above defendant entered a guilty plea to one count of Filing a False Income Tax Return on May 16, 2008. As noted in the pre-sentence report, the defendant was initially contacted by federal authorities on April 25, 2007. After some initial denials and a request for counsel, the defendant sought legal advice and embarked on a path of cooperation that has continued to this date. The defendant sought the assistance of tax counsel and financial personnel. Acting swiftly, he filed amended tax returns for the years 2003, 2004, 2005 and 2006 which accurately reflected taxes due in an amount of $176,064. Payments were made to the Internal Revenue Service contemporaneously with the filing of the returns. The total amount of payments made to the Service was $191,673. This included taxes, penalties and interest for the relevant years.

    All payments were made from the same resources saved through the failure to initially pay the taxes by the defendant. When one adds in the costs for tax counsel and accounting work, the defendant has paid in excess of $225,000 out of his own pocket to correct his financial

wrongdoing. The legal and accounting costs to the defendant amount to somewhere in the range of $30,000 to $35,000. This having been done, the defendant has no current outstanding tax liability. Further, his cooperation and legal and financial work paid for by himself saved the government considerable time and investigative costs.

Pre-Sentence Report/Guideline Range

The pre-sentence office has performed the necessary first in post-Booker sentencing practice by identifying the offense guideline range at 10 to 16 months. *United States v. Booker*, 543 U.S. 220 (2005). The defense does not dispute this calculation or the criminal history score. However, for the below reasons and taking into account the facts of this case, it is urged that a sentence of incarceration is inappropriate.

<u>18 U.S.C. §3553</u>

After *Booker*, *Gall v. U.S.*, 82 Cr. L. 275 (U.S. 2007) and *Kimbrough v. U.S.*, 82 Cr. L. 275 (U.S. 2007), it is well settled that in addition to considering the guideline range, the sentencing court must give weight to the factors set forth in 18 United States Code §3553. This is so in order to ensure that each      sentence meets the goals of the sentencing statutes.

In determining in this case what sentence is "sufficient, but not greater than necessary, to comply with identifiable sentencing policy as established by the statute." In this case, the characteristics of the offender suggest that a sentence of incarceration is unnecessary to advance those goals.

(a) Nature and circumstances of offense and characteristics of offender.

The crime here is self-evident and does not need extensive analysis. It should be pointed out, however, that despite the "structuring" and component this is not a case in which the defendant was attempting to hide cash income or income derived from an illegitimate source.

The defendant's business was and remains legitimate and no evidence suggests a connection to illicit activity.

Mr. Glover is a decent man who exhibits no signs of criminal malevolence. He is married to a woman with whom he has been together for 11 years. He comes from a good family and is so humiliated by his conduct that he cannot bring himself to share it with his parents and siblings. He is a loving father who plays an active part in his 17 year old daughter's life notwithstanding the geographical barriers which must be overcome. He is a good and supportive husband and partner to his wife, Kimberly. He is a property owner and a productive, contributing member of society.

Mr. Glover is also a hard worker who has kept alive a family business which is now in its third generation. He has been working in the company for 18 years (10 as owner) and he routinely works 16 hour days in order to maintain the operation. This has been no easy task given the nature of the business and spiraling gas prices. The business, due to the current economic factors, has taken a bit of a downward turn.

Mr. Glover has a minimal prior record as reflected solely by a conviction in the New Jersey state courts for receiving stolen property 9 years ago. He completed his 4 year probationary term and has remained crime free since that time. The offender's characteristics strongly preponderate against a period of incarceration.

(b) Other factors.

It certainly could be argued that a sentence of incarceration is necessary to "reflect the seriousness of the offense", to "provide just punishment" and to "deter" criminal conduct of others. See 18 United States Codes §3553(b). In urging a sentence of no incarceration, counsel is mindful of the problems in our society caused by non-reporting of taxable income. However,

this case is unique and unusual in that the defendant has promptly remedied the tax loss caused by his malfeasance. The defendant is suffering significant consequences as a result of his guilty plea. He has been conviction free for a lengthy period of time and this additional felony, sustained more than 10 years after a prior adjudication, has caused significant emotional strains. Further, as a result of his own actions, he has humiliated himself before his family to such an extent, as noted, that he cannot disclose the conduct to them.

Given the defendant's age and character, it is suggested that the public does not need protection from further crimes that could be committed by him. See 18 United States Code §3553(a)2(c) and the defendant is not in need of any of the services enumerated in (a)2(d).

## Grounds for Variance

There are two factors present in this case which warrant a sentence below that suggested by the guidelines. Whether denominated as "super acceptance of responsibility" or "post-offense restitution", the defendant's actions immediately after being contacted by the authorities have been extraordinary in terms of making the government whole. Not only did the defendant save the government a time consuming and costly investigation into his tax status by having his returns accurately amended and filed, but he also promptly and completely paid the government every penny that was owed for taxes, penalties and interest. That amount, as noted, totaled $191,673. In attempting to ascertain the exact amount owed, the defendant incurred additional financial and legal expenses in excess of $35,000. This circuit has recognized under the more exacting and prescriptive guidelines that predated *Booker* that certain restitution efforts may be so extraordinary as to warrant a downward departure. *U.S. v. Lieberman*, 971 F.2d 989, 996 (3rd Cir. 1992). Other circuits and districts have agreed with *Lieberman's* reasoning. *U.S. v. Miller*,

991 F.2d 552 (9th Cir. 1993); *U.S. v. DeMonte*, 25 F.3d 343 (6th Cir. 1994). See also *U.S. v. Bennett*, 9 F.Supp. 2d 513 (E.D. PA. 1998); *U.S. v. Oligmeuller*, 198 F.3d 669 (8th Cir. 1999).

Where, as here, a defendant has promptly and completely disgorged himself of all illegal proceeds and has comprehensively made the government whole financially, none of the purposes served by §3553 are advanced by a sentence of incarceration. The defendant's efforts to make full payment of restitution have been extraordinary and timely. In many cases of this nature, the government must wait years before receiving a full return of the taxes owed. Indeed, in many cases, the liability is never paid in full. That obviously has not been the case here. Extraordinary restitution was viewed as a departure ground under certain circumstances under the pre-*Booker* guidelines. The payment of such certainly should inform the 3553 analysis now required and lead to a sentence below what the guidelines suggest.

An additional argument for a variance in this case arises out of the defendant's employment status. As the pre-sentence report describes, the defendant is the current owner of Glover Trucking, a business that has now been in the family for 3 generations. The defendant is the heart and soul of the business which would surely fail if he was incarcerated for any period of time. In addition to the financial loss that would be created for the defendant and his family, numerous other individuals who rely on him for work and employment would also suffer significant economic losses.

The defendant owns 3 trucks and 50 trailers and he estimates that approximately 6 individuals would be deleteriously impacted financially if his business were to shut its doors. Indeed, these individuals would in all likelihood lose employment with all of the consequences that flow from that. Given the nature of the business, the defendant has been hit with skyrocketing fuel costs, but has managed to stay afloat through his hard work and cost cutting

measures. Without him, the business would in all likelihood fold with the concominent economic chaos to be occasioned on his family and the families of those who rely on him for their livelihood. See *U.S. v. Milikowsky*, 65 F.3d 4 (2d Cir. 1995); *U.S. v. Koada*, 133 F. Supp 2d 345 (S.D.N.Y. 2001).

## Conclusion

For all of the reasons stated above, the defense would request that Wendell Glover receive a sentence that does not involve a period of incarceration. He is a good and decent man who made a bad mistake and a period of incarceration is not mandated by the principles established in 18 United States Code §3553.

/s/    Eugene J. Maurer, Jr.
Eugene M. Maurer, Jr.


EJM/sam

Cc: Edmond Falgowski, Esquire
    Walter Matthews, Probation and Parole
    Wendell Glover