Case 1:08-cr-00033-GMS    Document 20    Filed 09/05/2008    Page 1 of 4



**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*  
*1007 N. Orange Street, Suite 700*  
*P.O. Box 2046*  
*Wilmington, Delaware 19899-2046*

*(302) 573-6277*  
*FAX (302) 573-6220*

September 5, 2008

Honorable Gregory M. Sleet
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

Re:   **United States v. Wendell Glover**
      **Criminal Action No. 08-33-GMS**

Dear Judge Sleet:

This memorandum is submitted in response to the defendant's sentencing memorandum.

The relevant § 3553 factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [and] . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .

18 U.S.C. 3553(a).

Re:  Wendell Glover
_____


### *The 3553(a) Factors As Applied to the Defendant*

#### *The Nature and Circumstances of the Offense*

The defendant's crime was one of greed, not need. In 4 years he under-reported his income by $520,000, causing a total tax loss of $176,000. During his cooperation with the case agent, the defendant said the funds in question represented his "retirement" fund. He is only 43 years old.

The defendant lives in a nice home. Revised Presentence Report (RPR), para. 32. He owns a 2008 Cadillac Escalade. RPR, para. 44. His wife carries a credit card debt of approximately $100,000. RPR, para. 45. Despite claims that the economy is hurting his business, he pays himself a monthly net salary of $9,000. RPR, para. 46.

The defendant is not a first offender. His four years of false tax returns began with his 2003 return. In 2003 the defendant was just completing a 4 year term of probation ordered in 1999 for felony theft. RPR para. 27.

The defendant breached the trust placed in millions of taxpayers to voluntarily self-assess their incomes and pay their fair share of taxes. During all relevant periods, millions of taxpayers had incomes and lifestyles far less comfortable than the defendant, yet paid their taxes.

#### *The History and Characteristics of the Defendant*

The offense extended over 4 years. The defendant attempted to conceal his crime by structuring cash transactions in amounts less than $10,000. One could expect that his offense would be continuing if the IRS had not caught him.

The defendant apparently has no history of public or community service.

The defendant did not grow up financially disadvantaged. He had strong role models, evidenced in no small part by his admission that he is too ashamed to advise his parents and siblings of his offense. His failure to so advise them defeats his claim that the third generation family business will surely fail if he is incarcerated. The Court should assume that if the defendant asked for help, his family could sustain its three generation family business during his incarceration.

During plea negotiations, the defendant cooperated with the IRS case agent. However, the defendant disclosed nothing that the case agent did not already know. That is, the case agent already had the defendant's bank records which identified all checks the defendant had received as payment from the companies for which he hauled freight. Similarly, the case agent already had the defendant's false returns, which accurately set forth all business expenses. The defendant's forensic accountants merely confirmed the tax loss calculations the IRS case agent already had determined

---

without the defendant's assistance. Thus, the defendant did not, as he claims, save the government a time consuming investigation.

The defendant has filed amended returns and payed back taxes but that is no more than is required of all honest taxpayers.

### *The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment*

Vital guidance about appropriate sentences for offenses involving taxation is found within the Introductory Commentary to the chapter of the Guidelines pertaining to offenses involving taxation:

> The criminal tax laws are designed to protect the public interest in preserving the integrity of the nation's tax system. Criminal tax prosecutions serve to punish the violator and promote respect for the tax laws. Because of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines. Recognition that the sentence for a criminal tax case will be commensurate with the gravity of the offense should act as a deterrent to would-be violators.

U.S. Sentencing Guidelines Manual, Chapter 2, Part T, Introductory Comment.

### *The Need for the Sentence to Serve as a Deterrent*

"Mr. Glover also stated that he knew his conduct was wrong, but never figured it would lead to a criminal arrest." RPR, para.15. So that others will not make the same mistake, a custodial sentence within the guideline range should be ordered by this Court.

### *The Need to Avoid Sentencing Disparity*

Sentencing disparity is determined on a national level. *See United States v. Parker,* 462 F.3d 273 (3d Cir. 2006).

### **Conclusion**

Honorable Gregory M. Sleet
September 4, 2008
Page 4

Re: Wendell Glover

---

A sentence within the Guidelines range of 12-18 months incarceration is reasonable and warranted.

        Respectfully submitted,

        COLM F. CONNOLLY
        United States Attorney

By: _____
    Edmond Falgowski
    Assistant United States Attorney

pc: Eugene J. Maurer, Jr., Esquire
    Walter Matthews, USPO

EF:slb